UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO S. PARDO, M.D.; RICARDO JOAQUIN; FRANCISCO PARDO; MARIA-AMELIA PARDO; and VICTOR PARDO,<br><br>Plaintiffs,<br><br>v.<br><br>THE COUNTY OF SAN DIEGO; REINA LOPEZ, THOMAS RUFF; LONNIE LAU; KIM GIARDIA; DHHS DIRECTOR; NICK MACCHIONE; and DOES 1-50,<br><br>Defendants. | Case No.: 24-CV-1062 JLS (SBC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO CIVIL LOCAL RULE 7.1(f)(3)(c)**<br><br>(ECF No. 4) |

Presently before the Court are Defendant County of San Diego's ("County") Motion to Dismiss Plaintiffs' Complaint ("Mot.," ECF No. 4) and Defendant's Memorandum of Points and Authorities in support thereof ("Mem.," ECF No. 4-1).[1] Plaintiffs have not opposed the Motion despite the requirements of Civil Local Rule 7.1(e)(2). For the reasons that follow, the Court **GRANTS** the County's Motion pursuant to Civil Local Rule 7.1(f)(3)(c).

---

[1] Defendant also filed a Request for Judicial Notice, *see* ECF No. 4-2, but given the Court's resolution of the Motion, the Request for Judicial Notice is DENIED as MOOT.

# BACKGROUND

Plaintiffs Francisco S. Pardo, M.D.; Ricardo Joaquin; Francisco Pardo; Maria-Amelia Pardo; and Victor Pardo brought this action on June 20, 2024. Their Complaint ("Compl.," ECF No. 1) alleges Defendants[2] violated a host of state laws when they investigated alleged abuse by two parents against their triplet children.[3] *See* Compl. ¶ 2. In particular, Plaintiffs claim County employees improperly attempted to execute a Protective Custody Warrant at the Pardo home on May 12, 2022, and subsequently pursued removal of the triplets from their home through juvenile detention hearings and other means "in bad faith" and in a "grossly negligent" manner. *Id.* Plaintiffs assert these actions violate, *inter alia*, the Unruh Civil Rights Act, multiple provisions of the California Welfare & Institutions Code, and multiple provisions of the California Government Code. *See generally* Compl.

The County filed the instant Motion on July 19, 2024. In the Motion, the County raised several grounds for dismissing the Complaint, including that the Court does not have subject matter jurisdiction, *see* Mem. at 4–7, and that the Complaint failed to state claims for which relief could be granted, *see id.* at 7–10.

The Motion was originally noticed for a hearing on August 22, 2024. Accordingly, per Civil Local Rule 7.1(e)(2), Plaintiffs were required to respond to the Motion on or before August 8, 2024. They failed to do so. *See* Docket. Plaintiffs' silence has since continued, though the Court noted their noncompliance when taking the Motion under submission. *See* ECF No. 6.

///

///

---

[2] In addition to the County, the Complaint lists as defendants Reina Lopez, Thomas Ruff, Lonnie Lau, Kim Giardina, Nick Macchione, and Does 1–50. For purposes of this Order, references to "Defendant" shall refer to the County.

[3] Though Plaintiffs make passing reference to 42 U.S.C. § 1983 in the Complaint, *see, e.g.*, Compl. ¶ 1, they did not assert any causes of action under the federal statute.

# DISCUSSION

The Ninth Circuit has held that, pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond to a motion. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule authorizes the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

In determining whether to dismiss an action on these grounds, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of [sic] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating the fourth factor weighs against dismissal). The Court therefore considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiffs had notice of the Motion yet failed to file a timely opposition. Further, Plaintiffs have not provided any excuse for said failure. The Court cannot continue waiting for Plaintiffs to take action, and a case cannot move forward when the plaintiffs fail to defend their case. Plaintiffs' noncompliance is all the more notable because they have legal representation. *Cf. Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (holding that even a *pro se* litigant is not entitled to a warning of the consequences of failing to file an opposition).

The third factor, which considers the prejudice to a defendant resulting from a

plaintiff's inaction, also favors dismissal. *See Malone v. U.S.P.S.*, 833 F.2d 128, 131 (9th Cir. 1987). Under this factor, "the risk of prejudice . . . is related to [Plaintiffs'] reason for defaulting in failing to timely" file his opposition. *Yourish*, 191 F.3d at 991. Where, as here, a plaintiff fails to provide any excuse for his conduct or contact the Court regarding said failure, this factor weighs in favor of dismissal. *See, e.g.*, *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009).

As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative of giving notice to the Parties that no opposition had been filed. As noted above, the Court filed an Order vacating the hearing on the Motion and taking the matter under submission. *See* ECF No. 6. In that Order, the Court noted that no opposition had been filed, even though Civil Local Rule 7.1(e)(2) required Plaintiffs to respond. *See id.* Still, Plaintiffs remained silent. This factor therefore weighs in favor of dismissal as well.

## CONCLUSION

Finding that the *Ghazali* factors weigh in favor of granting the unopposed Motion, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 4) pursuant to Civil Local Rule 7.1(f)(3)(c). Although Defendant requests that the Court dismiss the Complaint with prejudice, Mem. at 1, the Court finds dismissal with prejudice premature. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint (ECF No. 1). Plaintiffs **MAY FILE** an amended complaint curing the deficiencies identified in Defendant's Motion within fourteen (14) days of the date on which this Order is electronically docketed. Should Plaintiffs fail to file an amended pleading in accordance with this Order, the Court will enter a final order dismissing this civil action based on Plaintiffs' failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage

of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: August 20, 2024

Hon. Janis L. Sammartino
United States District Judge