UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO S. PARDO, M.D.; RICARDO JOAQUIN; FRANCISCO PARDO; MARIA-AMELIA PARDO; and VICTOR PARDO,<br><br>Plaintiffs,<br><br>v.<br><br>THE COUNTY OF SAN DIEGO; REINA LOPEZ; THOMAS RUFF; LONNIE LAU; KIM GIARDIA; DHHS DIRECTOR; NICK MACCHIONE; and DOES 1–50,<br><br>Defendants. | Case No.: 24-CV-1062 JLS (SBC)<br><br>**ORDER CLARIFYING PLAINTIFFS' FILING OBLIGATIONS**<br><br>(ECF No. 9) |

Presently before the Court are Defendant County of San Diego's ("County") Motion to Dismiss Plaintiffs' First Amended Complaint ("Mot.," ECF No. 9) and its Memorandum of Points and Authorities in Support thereof ("Mem.," ECF No. 9-1). Plaintiffs failed to oppose the Motion on October 3, 2024, as required by Civil Local Rule 7.1(e)(2), *see generally* Docket, and the County filed a Notice of Plaintiff's non-opposition to the Motion on October 10, 2024. *See* ECF No. 10 ("Not."). The same day the County filed its Notice, Plaintiffs filed an Opposition to the Motion to Dismiss ("Opp'n," ECF No. 12) and a

Supplemental Opposition to the Motion to Dismiss ("Suppl. Opp'n," ECF No. 13).

In their Opposition, Plaintiffs state that they "never received the Motion" and only became aware of it because the County filed its Notice. Opp'n at 2. In their Supplemental Opposition, Plaintiffs add that the County appears to have served its Motion on Plaintiffs using the wrong email address; thus, Plaintiffs' ignorance. Suppl. Opp'n at 1.[1] Because of this oversight, Plaintiffs "request that this motion be reset." *Id.* at 2.

Plaintiffs' excuse is less than convincing. This is not the first time Plaintiffs failed to oppose a motion. The County initially moved to dismiss Plaintiffs' original Complaint, ECF No. 4, and Plaintiffs did not file an opposition then either. *See generally* Docket. The Court granted the County's first Motion to Dismiss pursuant to Local Rule 7.1(f)(3)(c), but it granted Plaintiffs leave to file an amended complaint. ECF No. 7 at 4. Plaintiffs did indeed receive notice of this docket entry and filed their Amended Complaint in a timely manner. *See* First Amended Complaint ("FAC"), ECF No. 8. Interestingly, the County attached a Declaration of Service with their first Motion to Dismiss, which, like the second Motion to Dismiss, contained a clerical error when transcribing Plaintiffs' counsel's email address. *See* ECF No. 4-4 at 1. If Plaintiffs had actually suffered from a notice deficiency related to the first Motion to Dismiss, one might think that they would have resolved their concerns at that time. But they declined to raise the issue.

One might also think that Plaintiffs would have maintained internal notes indicating when a response to the Complaint or Amended Complaint would have been due. The timeline for filing a responsive pleading is no mystery—even a novice attorney would know that the timeline for responding to an initial complaint is prescribed by Federal Rule of Civil Procedure 12(a) and the timeline for responding to an amended complaint is prescribed by Federal Rule of Civil Procedure 15(a). So it should have hardly been a surprise to Plaintiffs that the County would be filing a responsive pleading of some sort to

---

[1] Plaintiffs attached the Declaration of Service that the County contemporaneously filed with its Motion, which indicated an email address for Plaintiff of joelacostaesq@,gmail.com. ECF No. 9-4. This appears to be a clerical error.

both the Complaint and the Amended Complaint. But, in the case of the Amended Complaint, Plaintiffs claim to have been caught completely off guard.

All the more troubling are the Notices of Electronic Filing ("NEF") that are automatically generated by the Court's docket management system, CM/ECF. According to the NEF receipts for both the County's first Motion to Dismiss and second Motion to Dismiss, the NEF was electronically mailed to Plaintiffs' counsel at joelacosta@hotmail.com. *See* ECF Nos. 4, 9. Under Southern District of California Local Rule 5.4(c), "[t]he NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document on Filing Users." And under Local Rule 5.4(d), "[r]egistration as a Filing User constitutes consent to Electronic Service of all documents . . . ." Despite the apparent typo in counsel's email address on the Declarations of Service filed by the County, the Declarations also clearly indicate that service was effected through CM/ECF, which obviates the need to attach the Declarations at all. *See* S.D. Cal. CivLR 5.4(c) ("A certificate of service is not required when a party electronically files a document on other Filing Users with the Court's Electronic Filing System . . . ."). So the Court is inclined to agree with the County's contention that the typos were "inconsequential." *See* ECF No. 14 at 2.

In sum, the Court is highly skeptical of Plaintiffs' assertion that they did not receive notice of the County's Motion to Dismiss Plaintiffs' First Amended Complaint. Despite the Court's temptation to dismiss this case with prejudice for Plaintiffs' repeated failure to oppose the County's Motions to Dismiss, the Court will grant Plaintiffs one more opportunity to oppose the County's Motion. Given that Plaintiffs have already been on actual notice of the Motion for at least two weeks and the Court's preference for disposing of cases on their merits, Plaintiffs **SHALL FILE** an opposition to the County's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 9) <u>within five (5) days</u> of the date on which this Order is electronically docketed. Along with their opposition, Plaintiffs also **SHALL FILE** a more detailed explanation for their failure to oppose the Motion <u>not to exceed five (5) pages</u> by the same deadline. Should Plaintiffs fail to oppose the Motion or

provide justification for their multiple filing failures, the Court will dismiss this civil action based on Plaintiffs' failure to prosecute in compliance with a court order requiring a response. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Assuming Plaintiffs file an opposition, the County **MAY FILE** a reply within seven (7) days of the filing.

**IT IS SO ORDERED.**

Dated: October 25, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge