UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO S. PARDO, M.D.; RICARDO JOAQUIN; FRANCISCO PARDO; MARIA-AMELIA PARDO; and VICTOR PARDO,<br><br>         Plaintiffs,<br><br>v.<br><br>THE COUNTY OF SAN DIEGO; REINA LOPEZ, THOMAS RUFF; LONNIE LAU; KIM GIARDIA; DHHS DIRECTOR; NICK MACCHIONE; and DOES 1-50,<br><br>         Defendants. | Case No.: 24-CV-1062 JLS (SBC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>(ECF No. 9) |

Presently before the Court are Defendant County of San Diego's Motion to Dismiss Plaintiffs' First Amended Complaint ("Mot.," ECF No. 9) and Defendant's Memorandum of Points and Authorities in support thereof ("Mem.," ECF No. 9-1).[1] Also before the Court are Plaintiffs Francisco S. Pardo, Ricardo Joaquin, Francisco Pardo, Maria-Amelia Pardo, and Victor Pardo's Opposition to Motion to Dismiss the First Amended Complaint ("Opp'n," ECF No. 16), and Defendant's Reply ("Reply," ECF No. 17). For the reasons

---

[1] Defendant also filed a Request for Judicial Notice, *see* ECF No. 9-2, but given the Court's resolution of the Motion, the Request for Judicial Notice is **DENIED** as **MOOT**.

1

that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

The Court incorporates the factual and procedural background outlined in its August 20, 2024 Order ("Order," ECF No. 7), but repeats the facts here for ease of reference.

Plaintiffs Francisco S. Pardo, M.D.; Ricardo Joaquin; Francisco Pardo; Maria-Amelia Pardo; and Victor Pardo brought this action on June 20, 2024. In their initial Complaint ("Compl.," ECF No. 1), Plaintiffs claimed that Defendants[2] violated a host of state laws when they investigated alleged abuse by two parents against their triplet children.[3] *See* Compl. ¶ 2. In particular, Plaintiffs claimed County employees improperly attempted to execute a Protective Custody Warrant at the Pardo home on May 12, 2022, and subsequently pursued removal of the triplets from their home through juvenile detention hearings and other means "in bad faith" and in a "grossly negligent" manner. *Id.* Plaintiffs asserted these actions violate, *inter alia*, the Unruh Civil Rights Act, multiple provisions of the California Welfare & Institutions Code, and multiple provisions of the California Government Code. *See generally* Compl.

The County filed a Motion to Dismiss the Complaint ("First MTD," ECF No. 4) on July 19, 2024, raising several grounds for dismissal including lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. *See* First MTD. The Court declined to engage with either of these arguments on the merits, noting that Plaintiffs had failed to oppose the First Motion to Dismiss as required by Civil Local Rule 7.1(e)(2) and dismissing the Complaint under the *Ghazali* factors. Order at 3–4 (citing

---

[2] In addition to the County, the Complaint lists as Defendants Reina Lopez, Thomas Ruff, Lonnie Lau, Kim Giardina, Nick Macchione, and Does 1–50. For purposes of this Order, references to "Defendant" shall refer to the County.

[3] Though Plaintiffs make passing reference to 42 U.S.C. § 1983 in the Complaint, *see, e.g.*, Compl. ¶ 1, they did not assert any causes of action under the federal statute. The same observation holds true for their First Amended Complaint. *See, e.g.*, ECF No. 8 ¶ 1.

*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)). Despite Defendant's suggestion otherwise, the Court dismissed the Complaint without prejudice and granted Plaintiffs fourteen days to file an amended complaint curing the deficiencies identified in Defendant's First Motion to Dismiss. *Id.* at 4–5.

Plaintiffs filed an Amended Complaint ("FAC," ECF No. 8) on September 3, 2024, alleging nearly identical facts to the initial Complaint. The County again moved to dismiss, advancing the same arguments as before. *See generally* Mot. The Motion was originally noticed for a hearing on October 17, 2024, and accordingly, per Civil Local Rule 7.1(e)(2), Plaintiffs were required to respond to the Motion on or before October 3, 2024. Once again, they failed to do so. *See generally* Docket. Defendant filed a Notice of Plaintiff's non-opposition to the Motion on October 10, 2024, *see* ECF No. 10 ("Not."), and that same day, Plaintiffs filed an Opposition to the Motion to Dismiss ("First Opp'n," ECF No. 12) and a Supplemental Opposition to the Motion to Dismiss ("Suppl. Opp'n," ECF No. 13).

In their Opposition, Plaintiffs stated that they "never received the Motion" and only became aware of it because the County filed its Notice. First Opp'n at 2. In their Supplemental Opposition, Plaintiffs added that the County appears to have served its Motion on Plaintiffs using the wrong email address; thus, Plaintiffs' ignorance. Suppl. Opp'n at 1.[4] Because of this oversight, Plaintiffs "request that this motion be reset." *Id.* at 2. Despite expressing considerable skepticism of Plaintiffs' excuse, the Court issued an Order Clarifying Plaintiffs' Filing Obligations ("Clarifying Order," ECF No. 15) on October 25, 2024, ordering Plaintiffs to file an opposition to Defendant's Motion within five days and also ordering Plaintiffs to file "a more detailed explanation for their failure to oppose the Motion" by the same deadline.[5] Clarifying Order at 3–4. The Clarifying

---

[4] Plaintiffs attached the Declaration of Service that Defendant contemporaneously filed with its Motion, which indicated an email address for Plaintiff of joelacostaesq@,gmail.com. ECF No. 9-4. This appears to be a typographical error.

[5] The Court identified at least three reasons for skepticism regarding Plaintiffs' ignorance of the Motion: (1) the lack of concern shown when they allegedly suffered from a notice deficiency related to the first

Order specified that failure to do either would result in dismissal of this action. *See id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Plaintiffs timely filed their Opposition but failed to file a detailed explanation of why or how they never received notice of the Motion in the first place. *See* Opp'n. In lieu of supplementing their Opposition with the detailed explanation as ordered by the Court, Plaintiffs supplemented their Opposition with a Proposed Second Amended Complaint instead ("Proposed SAC," ECF No. 16-1). The Proposed SAC, again, alleges mostly the same facts as the Complaint and the FAC, but it adds new causes of action under 42 U.S.C. § 1983 for multiple constitutional violations. *See* Proposed SAC. Plaintiffs dedicate the great weight of their Opposition to the legal principles underlying the Proposed SAC, but besides advancing conclusory legal assertions rebutting Defendant's arguments from the Motion, the Opposition is otherwise unresponsive.

## MOTION TO DISMISS

The Ninth Circuit has held that, pursuant to a local rule, a district court may properly dismiss a case for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Hnederson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (affirming dismissal for failure to timely follow a local rule). Here, two local rules authorize the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Additionally, Civil Local Rule 83.1(a) provides: "Failure of counsel . . . to comply with these rules . . . or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including . . . dismissal of any actions . . . ."

---

Motion to Dismiss, (2) the common knowledge that the Federal Rules of Civil Procedure obligated a response to the Amended Complaint at the time Defendant filed the first Motion to Dismiss, and (3) CM/ECF's electronic notification system which would have alerted Plaintiffs to the filing of the Motion despite the presence of a typographical error in the declarations of service. Clarifying Order at 2–3.

In determining whether to dismiss an action on these grounds, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of [sic] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson*, 779 F.2d at 1423). The first and fourth factors cut in opposite directions. *See Yourish*, 191 F.3d at 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating the fourth factor weighs against dismissal). The Court therefore considers the substance of factors two, three, and five.

If these factors sound familiar, it is because the Court has already applied them once in this case. After Plaintiffs failed to oppose Defendant's First Motion to Dismiss, the Court found that all of the *Ghazali* factors other than the fourth weighed in favor of dismissal. *See* Order at 3–4. Accordingly, the Court dismissed the Complaint but gave Plaintiffs the opportunity to file "an amended complaint curing the deficiencies identified in Defendant's Motion . . . ." *Id.* at 4. Plaintiffs took up the Court's offer, but they failed to oppose Defendant's second Motion to Dismiss, making the same mistake for the second time. As explained more fully below, this recurring failure only serves to tip the *Ghazali* factors even more in favor of dismissal.

The second factor again favors dismissal. The Court must manage its docket to ensure the efficient provision of justice. Not once, but twice have Plaintiffs failed to oppose Defendant's Motions to Dismiss, placing this case on a merry-go-round of amended complaints with no forward progress. When the lack of an opposition was brought to their attention for the second time, Plaintiffs filed a cursory explanation—that they "never received the Motion in the first place." First Opp'n at 2. Though skeptical of this explanation, the Court nonetheless offered Plaintiffs another attempt to oppose, but it included the caveat that Plaintiffs must more fully explain their lack of opposition. Clarifying Order at 3–4. The rationale of requiring this explanation was two-fold as it

would both verify the veracity of Plaintiffs' proffered reasoning for failing to oppose the Motion as well as ensure that the root cause would be remedied such that it would not happen again in the future. Yet Plaintiffs failed to file a detailed explanation as ordered, thwarting the Court's ability to manage its docket both retrospectively and prospectively. By failing to address the Court's concern regarding repeated failures to oppose Defendant's Motions to Dismiss, Plaintiffs have essentially usurped the Court's ability "to control the pace of the docket," thus making dismissal an appropriate sanction. *See Yourish*, 191 F.3d at 990.

The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (citing *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980)). Here, Plaintiffs failed to oppose Defendant's Motion, as required by Local Rule 7.1(f)(3)(c), and the Court is not satisfied by the hasty explanation provided by Plaintiffs. The Court outlined its reasoning in more detail in the Clarifying Order on October 25, 2024, which the Court need not rehash here. *See* Clarifying Order at 3–4. Even still, the Court offered Plaintiffs another chance to justify their failure to oppose, an offer gone unheeded. Despite Defendant's Reply, which pointed out Plaintiffs' failure to explain themselves as required by the Clarifying Order, Plaintiffs still have not done so. *See* Reply at 3. Accordingly, "Plaintiffs have a very poor reason for their" failure to follow both the Local Rules and a Court Order, thus lending the third factor to strongly favor dismissal. *See Yourish*, 191 F.3d at 991. And in any event, where, as here, "the integrity of the district court is involved," Defendant need not make a strong showing of prejudice. *See Henderson*, 779 F.2d at 1425.

Finally, the fifth factor likewise weighs in favor of dismissal. "[T]he case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Malone*, 833 F.2d at 132. Here, the Court could not have been clearer that failing to file a more detailed

explanation for Plaintiffs' failure to oppose Defendant's Motion would result in dismissal. The Clarifying Order stated:

> Along with their opposition, Plaintiffs also **SHALL FILE** a more detailed explanation for their failure to oppose the Motion <u>not to exceed five (5) pages</u> by the same deadline. Should Plaintiffs fail to oppose the Motion or provide justification for their multiple filing failures, the Court will dismiss this civil action based on Plaintiffs' failure to prosecute in compliance with a court order requiring a response.

Clarifying Order at 3–4 (emphasis in original) (citing *Yourish*, 191 F.3d at 990). The Court has already given Plaintiffs multiple shots at remedying their past failure to oppose Defendant's Motions to Dismiss, but those mulligans have accomplished little in the way of compliance with the Local Rules or Court Orders. The Court need not countenance this continued behavior.

## CONCLUSION

Finding that the *Ghazali* factors all weigh in favor of granting Defendant's Motion, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to comply with the Civil Local Rules and an Order of this Court. Defendant requests the Court deny Plaintiffs leave to amend, but the Court again finds this request premature because, at this early stage in the case, the public "policy favoring disposition of cases on their merits" still outweighs the remaining *Ghazali* factors' counterbalancing effect. *See Citizens Utils. Co. v. Am. Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir. 1979), *cert denied*, 444 U.S. 931 (1979). That said, "it is the responsibility of [the plaintiff] to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). The Court's tolerance for Plaintiffs' continued defiance of the rules could hardly be lower.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' First Amended Complaint (ECF No. 8).  Plaintiffs **MAY FILE** an amended complaint curing the deficiencies identified in Defendant's Motions within fourteen (14) days of the date on which this Order is electronically docketed.  Further, as Plaintiffs have not yet adequately justified their failure to oppose multiple of Defendant's Motions to Dismiss, Plaintiffs also **SHALL FILE** the previously ordered detailed explanation not to exceed five (5) pages by the same deadline.  Plaintiffs' explanation **SHALL** additionally include justification for failing to timely file the explanation as originally ordered.  ***Should Plaintiffs fail to file an amended pleading AND adequate justification for their repeated failures to comply with the Local Rules and a Court Order in accordance with this Order, the Court will enter a final order dismissing this civil action.***  See Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("It was not an abuse of discretion for the district court to decide that the disinterest exhibited by [the plaintiff] in relation to the notice was indicative of his interest in the entire case.").

**IT IS SO ORDERED.**

Dated:  December 11, 2024

*[signature]*
Hon. Janis L. Sammartino
United States District Judge